IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY ALAN BARNETT,

          Petitioner,

    v.                          CASE NO. 13-3203-RDR

C. MAYE, Warden,

          Respondent.

**MEMORANDUM AND ORDER**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis with financial information in support that indicates leave should be granted.

Mr. Barnett seeks to utilize 28 U.S.C. § 2241 in this district in which he is currently confined to challenge his federal sentence or conviction after he already failed to obtain relief from the sentencing court in another federal judicial district as well as on appeal to the Eighth Circuit Court of Appeals and the U.S. Supreme Court. Having considered the petition and Memorandum in Support together with the relevant legal authority, the court finds that petitioner fails to show that his § 2255 remedy was inadequate or ineffective. Accordingly, the court dismisses this petition for lack of jurisdiction.

In 2008, Mr. Martinez was sentenced in the United States

1

District Court for the Southern District of Iowa to 240 months in prison. *See United States v.* Barnett, 3:06-cr-00599 (S.D. Iowa). He directly appealed to the Eighth Circuit Court of Appeals, which affirmed in 2009. He alleges that the United States Supreme Court denied his petition for certiorari in November 2009, and that he filed a § 2255 motion that was denied in 2011. He also filed post-judgment motions that were denied, and those denials were affirmed by the Eighth Circuit on appeal in September 2013.

Petitioner claims he is entitled to relief on the following grounds: (1) his criminal history was miscalculated during sentencing and thus it and his sentencing range were erroneous; (2) his "sentencing/appellate" counsel was ineffective for failing to object to the miscalculated sentencing range, (3) he raised these claims in his 2255 motion but the sentencing court failed to address his Sixth Amendment claim of ineffective counsel. He claims that the sentencing court failed to address constitutional issues in the § 2255 proceedings and that this "serve[d] to suspend the writ of habeas corpus" and rendered the § 2255 proceedings inadequate and ineffective. Mr. Barnett acknowledges that he "does not meet the requirements of 2255(h)" for bringing a second and successive § 2255 motion.

The habeas corpus remedy under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2

However, the § 2241 petition does not ordinarily encompass claims of unlawful detention based on challenges to the conviction or sentence of a federal prisoner. The Tenth Circuit has explained the difference between the two statutory provisions. "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). By contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 811-12 (10th Cir. 1997); *Bradshaw*, 86 F.3d at 166. It has long been held that a § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. U.S.*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964); see also *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Subsection (e) of Section 2255 provides:

An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him .... unless

3

> it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.

*Id.* The Tenth Circuit has explained the import of these provisions:

> Following AEDPA's enactment, federal prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under § 2241 through the mechanism of § 2255(e)'s savings clause. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 581 (second alteration in original)(quoting 28 U.S.C. § 2255(e)). Section 2255, however, has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); see *Brace* [*v. United States*, 634 F.3d 1167,] 1169 [10th Cir. 2011](stating that "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction"). In *Prost*, we set forth our test: we ask "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d at 584.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective. *Caravalho*, 177 F.3d at 1178; *see also Abernathy,* 713 F.3d at 549 ("It is Mr. Abernathy's burden to show that he meets § 2255(e)'s savings clause.").

Section 2255 motions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations in § 2255(f); and a ban on second and successive motions in § 2255(e). A habeas petitioner may not avoid these restrictions by simply recasting his claims as brought under § 2241. The sentencing court's, or the appropriate appellate court's, refusal to consider

4

claims that are second and successive or untimely, has clearly been held not to establish that the § 2255 remedy was inadequate or ineffective. *Sines v. Wilner*, 609 F.3d 1070, 1072-74 (10th Cir. 2010). Even a district or appellate court's "erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective." *Id.*; *Abernathy*, 713 F.3d at 538 (citing 28 U.S.C. §§ 2241, 2255(e))("The plain language of the savings clause in statute governing motions to vacate, set aside, or correct sentence does not authorize resort to federal habeas relief simply because a court errs in rejecting a good argument, even if the court's error on the merits happens to be induced by preexisting circuit precedent.").

Mr. Barnett alleges no facts establishing that he meets the Tenth Circuit's saving clause test as set forth in *Prost.* He thus fails to show that he is entitled to petition for relief from his federal sentence under § 2241 "through the mechanism of § 2255(e)'s savings clause." *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012)(If a "petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion," then "the petitioner may not resort to the savings clause and § 2241"); *Abernathy*, 713 F.3d at 545. Mr. Barnett does not meet the *Prost* test because the grounds that he presents in his § 2241 petition could have been and apparently were raised in his initial § 2255 motion. "[T]he savings clause doesn't guarantee results, only process." *Abernathy*, 713 F.3d at

550 (quoting *Prost*, 636 F.3d at 590). Petitioner's claim that the writ of habeas corpus was suspended is nothing more than a conclusory statement. Having failed to meet his burden to establish that the remedy provided in § 2255 was inadequate or ineffective, Mr. Barnett is not entitled proceed under § 2241.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted and that this action for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  This 16th day of December, 2013, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**